United States District Court
Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BOARD OF TRUSTEES OF THE PIPE TRADES DISTRICT COUNCIL NO. 36 HEALTH AND WELFARE TRUST FUND, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>CLIFTON ENTERPRISES, INC., dba NICHOLS PLUMBING & HEATING, et al.,<br><br>Defendants. | Case No.: 11-05447 JST (JSC)<br><br>**ORDER TO SHOW CAUSE** |

In this enforcement action brought under the Employee Retirement Income Security Act ("ERISA"), Plaintiffs bring a Motion for Default Judgment ("Motion") seeking entry of default judgment, an award of outstanding employee benefit contributions, liquidated damages and interest, and an injunction requiring Defendants to submit to an audit of books and records. Plaintiffs seek, among other things, default judgment against Defendants Barbara Anna Clifton ("Ms. Clifton"), Charles Lee Clifton Sr. ("Mr. Clifton Sr."), Charles Lee Clifton Jr. ("Mr. Clifton Jr."), and Robert Lawrence Clifton ("Mr. R. Clifton") as individuals (collectively, "the individual Defendants").

Plaintiffs assert that the individual Defendants are jointly and severally liable for the $65,830.16 in unpaid contributions, liquidated damages, and interest incurred as a result of Defendant Clifton Enterprises, Inc., dba Nichols Plumbing & Heating's ("Nichols") failure to pay and report its required contributions. (*See* Dkt. No. 83-1 at 14.) Plaintiffs also seek default judgment against CRB Enterprises Monterey Inc., dba Nichols Plumbing & Heating ("CRB"). For the reasons stated below, the Court orders Plaintiffs to show cause with respect to their Motion against the individual Defendants and CRB.

## DISCUSSION

### I. Individual Defendants

Defendants in an ERISA action can be individually liable if they are fiduciaries of the employee benefit plans. *See Yeseta v. Baima*, 837 F.2d 380, 383–384 (9th Cir. 1988). ERISA provides, in relevant part, that "a person is a fiduciary with respect to [an employee benefit] plan to the extent he exercises . . . any authority or control respecting management or disposition of its *assets*." 29 U.S.C. § 1002(21)(A)(i) (emphasis added). In general, employer contributions that are owed pursuant to a collective bargaining agreement do not become plan assets until they are paid over to the Trust. *See Cline v. Industrial Maintenance Eng'g & Contr. Co.*, 200 F.3d 1223, 1234 (9th Cir. 2000) ("Until the employer pays the employer contributions over to the plan, the contributions do not become plan assets over which fiduciaries of the plan have a fiduciary obligation; this is true even where the employer is a fiduciary of the plan."). There is a "commonly applied exception" to this rule, which allows unpaid contributions to be treated as assets where "the plan document itself identifies unpaid employer contributions as a plan asset." *Bos v. Bd. of Trs. of Carpenters Health & Welfare Trust Fund for Cal.*, 2013 WL 943520, at *3 (E.D. Cal. Mar. 11, 2013) (collecting cases). Plaintiffs, however, do not identify any language in the plan document itself that identifies unpaid employer contributions as a plan asset.

In addition, while *employee* contributions to benefit plans that are withheld by their employer from their wages are plan assets, even if not yet delivered to the plan, *see* 29 C.F.R. § 2510.3-102(a) ("[T]he assets of the plan include amounts (other than union dues) that a participant . . . pays to an employer, or amounts that a participant has withheld from his wages by an employer, for contribution

to the plan."); *see also Nelson v. EG & G Energy Measurements Grp., Inc.*, 37 F.3d 1384, 1391 (9th Cir. 1994) (holding that in light of 29 C.F.R. 2501.3-102(a) "the employee contributions should have been considered plan assets at the time they could reasonably have been segregated"), Plaintiffs do not provide the amount of these employee contributions that have been withheld, if any. Rather, Plaintiffs' Motion treats employee contributions and employer contributions as synonymous, identifying only the amount of the employer's unpaid contributions.

Given the distinction in the caselaw between employer contributions and employee contributions, Plaintiffs are hereby ORDERED to SHOW CAUSE as to why Nichols' unpaid employer contributions qualify as "assets." If Plaintiffs are seeking to hold the individual Defendants liable for undistributed employee contributions, Plaintiffs must provide the Court with evidence supporting the amount of such employee contributions.

## II. CRB

Plaintiffs assert that CRB is identified in the Complaint as DOE 1 and is jointly and severally "liable for all monies owed, either as the directors or shareholders of Nichols, persons certifying the monthly contribution reports, alter egos, double-breasted shops or some other theory of liability." (*Id.* at ¶ 29; *see also* Dkt. No. 83-1 at 6-7.) Plaintiffs' Motion narrows these various theories of liability to CRB's role as the "alter-ego and double-breasted shop of Nichols." (Dkt. No. 83-1 at 15.) Plaintiffs, however, do not identify any allegations in their Complaint to support their legal conclusion that CRB is the "alter-ego and double-breasted shop of Nichols." In determining liability after a defendant's default has been entered, the Court deems only those allegations that are *well-pled* as true. *See Fair Housing of Marin v. Combs*, 285 F.3d 899, 906 (9th Cir. 2002).

In light of the foregoing, Plaintiffs are hereby ORDERED to SHOW CAUSE as to why CRB should be found jointly and severally liable for Nichols' unpaid contributions notwithstanding that the Complaint is devoid of well-pled factual allegations regarding CRB's status as Nichols' alter-ego.

**CONCLUSION**

Plaintiffs shall file their response to this Order no later than May 14, 2013. The Court further VACATES the hearing on Plaintiffs' Motion currently scheduled for May 2, 2013, and reschedules the hearing to May 23, 2013 at 9:00.

**IT IS SO ORDERED.**

Dated: April 30, 2013

_____
JACQUELINE SCOTT CORLEY
UNITED STATES MAGISTRATE JUDGE