United States District Court
Northern District of California

1

2

3

4

5

6

7            IN THE UNITED STATES DISTRICT COURT

8         FOR THE NORTHERN DISTRICT OF CALIFORNIA

9

10

11  BOARD OF TRUSTEES OF THE PIPE          Case No.: 11-05447 JST (JSC)
    TRADES DISTRICT COUNCIL NO. 36
12  HEALTH AND WELFARE TRUST               **ORDER TO SHOW CAUSE**
    FUND, et al.,
13

14            Plaintiffs,

15       v.

16

17  CLIFTON ENTERPRISES, INC., dba
    NICHOLS PLUMBING & HEATING, et
18  al.,

19

20            Defendants.

21

22       In this enforcement action brought under the Employee Retirement Income Security Act

23  ("ERISA"), Plaintiffs bring a Motion for Default Judgment ("Motion") seeking entry of default

24  judgment, an award of outstanding employee benefit contributions, liquidated damages and interest,

25  and an injunction requiring Defendants to submit to an audit of books and records.  Plaintiffs seek,

26  among other things, default judgment against Defendants Barbara Anna Clifton ("Ms. Clifton"),

27  Charles Lee Clifton Sr. ("Mr. Clifton Sr."), Charles Lee Clifton Jr. ("Mr. Clifton Jr."), and Robert

28  Lawrence Clifton ("Mr. R. Clifton") as individuals (collectively, "the individual Defendants").

United States District Court
Northern District of California

1   Plaintiffs assert that the individual Defendants are jointly and severally liable for the $65,830.16 in

2   unpaid contributions, liquidated damages, and interest incurred as a result of Defendant Clifton

3   Enterprises, Inc., dba Nichols Plumbing & Heating's ("Nichols") failure to pay and report its

4   required contributions.  (*See* Dkt. No. 83-1 at 14.)  Plaintiffs also seek default judgment against CRB

5   Enterprises Monterey Inc., dba Nichols Plumbing & Heating ("CRB").  For the reasons stated below,

6   the Court orders Plaintiffs to show cause with respect to their Motion against the individual

7   Defendants and CRB.

**DISCUSSION**

9   **I.     Individual Defendants**

10          Defendants in an ERISA action can be individually liable if they are fiduciaries of the

11   employee benefit plans.  *See Yeseta v. Baima*, 837 F.2d 380, 383–384 (9th Cir. 1988).  ERISA

12   provides, in relevant part, that "a person is a fiduciary with respect to [an employee benefit] plan to

13   the extent he exercises . . . any authority or control respecting management or disposition of its

14   *assets*."  29 U.S.C. § 1002(21)(A)(i) (emphasis added).   In general, employer contributions that are

15   owed pursuant to a collective bargaining agreement do not become plan assets until they are paid over

16   to the Trust.  *See Cline v. Industrial Maintenance Eng'g & Contr. Co.*, 200 F.3d 1223, 1234 (9th Cir.

17   2000) ("Until the employer pays the employer contributions over to the plan, the contributions do not

18   become plan assets over which fiduciaries of the plan have a fiduciary obligation; this is true even

19   where the employer is a fiduciary of the plan.").  There is a "commonly applied exception" to this

20   rule, which allows unpaid contributions to be treated as assets where "the plan document itself

21   identifies unpaid employer contributions as a plan asset."  *Bos v. Bd. of Trs. of Carpenters Health &*

22   *Welfare Trust Fund for Cal.*, 2013 WL 943520, at *3 (E.D. Cal. Mar. 11, 2013) (collecting cases).

23   Plaintiffs, however, do not identify any language in the plan document itself that identifies unpaid

24   employer contributions as a plan asset.

25          In addition, while *employee* contributions to benefit plans that are withheld by their employer

26   from their wages are plan assets, even if not yet delivered to the plan, *see* 29 C.F.R. § 2510.3-102(a)

27   ("[T]he assets of the plan include amounts (other than union dues) that a participant . . . pays to an

28   employer, or amounts that a participant has withheld from his wages by an employer, for contribution

1  to the plan."); *see also Nelson v. EG & G Energy Measurements Grp., Inc.*, 37 F.3d 1384, 1391 (9th

2  Cir. 1994) (holding that in light of 29 C.F.R. 2501.3-102(a) "the employee contributions should have

3  been considered plan assets at the time they could reasonably have been segregated"), Plaintiffs do not

4  provide the amount of these employee contributions that have been withheld, if any.  Rather,

5  Plaintiffs' Motion treats employee contributions and employer contributions as synonymous,

6  identifying only the amount of the employer's unpaid contributions.

7        Given the distinction in the caselaw between employer contributions and employee

8  contributions, Plaintiffs are hereby ORDERED to SHOW CAUSE as to why Nichols' unpaid

9  employer contributions qualify as "assets."  If Plaintiffs are seeking to hold the individual Defendants

10  liable for undistributed employee contributions, Plaintiffs must provide the Court with evidence

11  supporting the amount of such employee contributions.

12  **II.    CRB**

13        Plaintiffs assert that CRB is identified in the Complaint as DOE 1 and is jointly and severally

14  "liable for all monies owed, either as the directors or shareholders of Nichols, persons certifying the

15  monthly contribution reports, alter egos, double-breasted shops or some other theory of liability."

16  (*Id.* at ¶ 29; *see also* Dkt. No. 83-1 at 6-7.)  Plaintiffs' Motion narrows these various theories of

17  liability to CRB's role as the "alter-ego and double-breasted shop of Nichols."  (Dkt. No. 83-1 at

18  15.)  Plaintiffs, however, do not identify any allegations in their Complaint to support their legal

19  conclusion that CRB is the "alter-ego and double-breasted shop of Nichols."  In determining liability

20  after a defendant's default has been entered, the Court deems only those allegations that are *well-*

21  *pled* as true.  *See Fair Housing of Marin v. Combs*, 285 F.3d 899, 906 (9th Cir. 2002).

22        In light of the foregoing, Plaintiffs are hereby ORDERED to SHOW CAUSE as to why CRB

23  should be found jointly and severally liable for Nichols' unpaid contributions notwithstanding that

24  the Complaint is devoid of well-pled factual allegations regarding CRB's status as Nichols' alter-

25  ego.

26

27

28

United States District Court
Northern District of California

United States District Court
Northern District of California

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**CONCLUSION**

Plaintiffs shall file their response to this Order no later than May 14, 2013.  The Court further VACATES the hearing on Plaintiffs' Motion currently scheduled for May 2, 2013, and reschedules the hearing to May 23, 2013 at 9:00.

**IT IS SO ORDERED.**

Dated:  April 30, 2013

_____
JACQUELINE SCOTT CORLEY
UNITED STATES MAGISTRATE JUDGE

4