United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BOARD OF TRUSTEES OF THE PIPE TRADES DISTRICT COUNCIL NO. 36 HEALTH AND WELFARE TRUST FUND, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>CLIFTON ENTERPRISES INC., et al.,<br><br>Defendants. | Case No. 11-cv-05447-JST<br><br>**ORDER DENYING REQUEST TO RETAIN JURISDICTION OVER SETTLEMENT AGREEMENT**<br><br>Re: Dkt. No. 104 |

Before the court is the stipulation between Plaintiffs and Defendant American Contractors Indemnity Company ("ACIC") dismissing Plaintiffs' claims against ACIC without prejudice and requesting that the court retain jurisdiction over the parties' settlement agreement. ECF No. 104.

"[A] proceeding to enforce a settlement requires its own basis for jurisdiction, *i.e.*, a district court does not retain 'inherent' or 'ancillary' subject matter jurisdiction to enforce a settlement simply because the dismissal of a federal action served as part of the consideration for the settlement agreement." Hagestad v. Tragesser, 49 F.3d 1430, 1433 (9th Cir. 1995) (citing Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375 (1994)). Stipulations between the parties requesting that courts retain jurisdiction do not alter this rule. "[I]t is well-established that litigants cannot confer [subject matter] jurisdiction by consent where none exists." United States v. Judge, 944 F.2d 523, 525 (9th Cir. 1991), cert. den'd, 504 U.S. 927 (1992) (citing Insurance Corp. of Ireland v. Compagnie des Bauxites, 456 U.S. 694, 701–02 (1982)). See also Collins v. Thompson, 8 F.3d 657, 659 (9th Cir. 1993) ("A federal court may refuse to exercise continuing jurisdiction even though the parties have agreed to it. Parties cannot confer jurisdiction by stipulation or consent.").

Here, the circumstances that may justify departure from the preumption against continuing

jurisdiction are not present. Accordingly, the court DENIES the parties' request that it retain jurisdiction over the settlement agreement between Plaintiffs and ACIC.

Pursuant to Federal Rule of Civil Procedure 41(a) and the parties' stipulation, Plaintiffs' claims against ACIC are hereby DISMISSED without prejudice.

**IT IS SO ORDERED**.

Dated: June 17, 2013

_____
JON S. TIGAR
United States District Judge